UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BOUNTY GROUP HOLDING, LLC, a limited liability company doing business as CHESTNUT HILL FARMS, <br><br> Plaintiff, <br><br> v. <br><br> THE FRUIT CLUB, INC., a corporation; <br> MATTHEW KLEINSASSER, an individual; <br> IRINA KLEINSASSER, an individual, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. _18 - 4083_ <br><br> **COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]** <br> **1. BREACH OF CONTRACT;** <br> **2. ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;** <br> **3. VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;** <br> **4. BREACH OF FIDUCIARY DUTY** <br> **5. RECOVERY OF ATTORNEYS' FEES AND FINANCE CHARGES** |

Plaintiff BOUNTY GROUP HOLDING, LLC, a limited liability company, doing business as CHESTNUT HILL FARMS, complains and alleges as follows:

### I.

### JURISDICTION AND VENUE

1.    This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.    Plaintiff BOUNTY FRESH HOLDING, LLC, a limited liability company, doing business as CHESTNUT HILL FARMS, ("CHF" or "Plaintiff") is and during all times herein has been a limited liability company organized and doing business under the laws of the State of Florida, with its principal place of business in the City of Coral Gables, State of Florida.

3.    Plaintiff is informed, believes and thereon alleges that Defendant THE FRUIT CLUB, INC. is, and during all times relevant herein was, a corporation ("Fruit Club") with its business address of 2200 E. Rice Street, Sioux Falls, South Dakota 57103.

4.    Plaintiff is informed, believes and thereon alleges that Defendant MATTHEW KLEINSASSER ("MK"), is an individual who during all times material herein was an officer, director, member and/or shareholder of Fruit Club, and who maintains a principal place of business located at 2200 E. Rice Street, Sioux Falls, South Dakota 57103.

5.    Plaintiff is informed, believes and thereon alleges that Defendant IRINA KLEINSASSER ("IK"), is an individual who during all times material herein was an officer, director, member and/or shareholder of Fruit Club, and who maintains a principal place of business located at 2200 E. Rice Street, Sioux Falls, South Dakota 57103.

6.    MK and IK are collectively referred to herein as "the Individual Defendants."

7.    Fruit Club and the Individual Defendants are referred to collectively herein as "Defendants."

2

8.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during times relevant herein was responsible for the daily management and control of Fruit Club and who are and during relevant times herein were each a statutory trustee under the PACA in  a position to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

## (Breach of Contract Against Defendant Fruit Club)

9.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 8 inclusive, of this Complaint as though fully set forth herein.

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Fruit Club was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

11.     On or about April 17, 2018, Plaintiff sold and shipped perishable agricultural commodities to Defendant Fruit Club at said Defendant's request, for which said Defendant agreed to pay CHF in the principal amounts at least as great as the sum of $26,550.00.

12.     At or about the date of each transaction described above, Plaintiff forwarded to Defendant Fruit Club invoices for said transactions

setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling $26,550.00. True and correct copies of Plaintiff's invoices issued to Fruit Club for the subject sales are attached hereto and incorporated herein by this reference as **Group Exhibit 1.**

13.   Plaintiff has repeatedly demanded that Defendant Fruit Club pay the amounts due and owing under the invoices. However, said Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased, except for partial payment in the amount of $13,275.00, leaving a balance past due of $13,275.00, no part of which has been paid.

14.   Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

15.   As a direct and proximate result of the failure of Defendant Fruit Club to remit payment due to Plaintiff as described above, Plaintiff has suffered cumulative losses in the amount of at least $13,275.00, plus recoverable attorney's fees and interest at the highest legal rate.

### III.

### SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

16.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17.   Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities

4

as defined by PACA [7 U.S.C. §499a(4)] and was a valid PACA licensee operating under a PACA license no. 20160929.

18.    The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

19.    Plaintiff is informed and believes and thereon alleges that during all times mentioned herein, Defendants were engaged in the business of buying and selling perishable agricultural commodities as defined by PACA as 'dealers' in wholesale and jobbing quantities and operating under PACA License No. 20150882.

20.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

21.    Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $13,275.00 as separately set forth above, for the perishable agricultural commodities sold to Defendant Fruit Club, all of which remains past due and unpaid.

22.    Specifically, Plaintiff preserved its statutory trust rights under PACA by providing the following written notice of Plaintiff's intent to preserve Plaintiff's PACA trust rights on the face of each invoice: "The perishable agricultural commodities listed on this invoice are sold

subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." See again Group Exhibit 1.

23. Plaintiff's invoices also contain the following written terms providing for recovery of attorney's fees on the face of each of the invoices submitted to Defendants: "In the event any action is commenced to collect sums due under this invoice, the party liable for payment shall be responsible for payment of all costs and fees in connection with said collection including attorney's fees and costs, whether or not a lawsuit has been filed."

24. Plaintiff's invoices also contain the following written terms providing for recovery of interest on unpaid balances: "Past due amounts charged 1.5% per month."

25. Each of the terms described at paragraphs 23 and 24, above, were bargained-for terms of the contract and are sums owing in connection with the sales transactions that are the subject of this complaint.

26. Plaintiff is informed and believes for the reasons alleged herein above, that Defendants and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them

available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

27.   Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

28.   As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $13,275.00, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

**IV.**

## THIRD CAUSE OF ACTION

### (For Violation of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)

29.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30.   Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

31.   As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $13,275.00 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

### V.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty Against All Defendants)

32.   Plaintiff hereby realleges and incorporates by reference

8

paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

33.     Plaintiff is informed, believes and thereon alleges that during times relevant to this action, the Individual Defendants were at one time or another the controlling officers, directors, members, and/or shareholders of Defendant Fruit Club.

34.     As the controlling officers, directors, members, and/or shareholders of Defendant Fruit Club, each of the Individual Defendants had and continue to have a duty to ensure that Defendant Fruit Club fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

35.     Plaintiff is informed, believes and thereon alleges that during times herein the Individual Defendants had full knowledge and responsibility for the handling of Defendant Fruit Club's duties as trustees of the PACA trust.

36.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had and continue to have a duty to control Defendant Fruit Club's operations and financial dealings, including those involving the PACA Trust Assets.

37.     Plaintiff is informed, believes and thereon alleges that Defendant Fruit Club  breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

38.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to direct Defendant Fruit Club to fulfill its duties as a PACA trustee to preserve and maintain

sufficient PACA Trust Assets to pay Plaintiff for the Produce they supplied to Defendants.

39.     As a direct and proximate cause and result of the Defendant Fruit Club's and the Individual Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $13,275.00 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

40.     As statutory PACA trustees, the Individual Defendants are jointly and severally personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $13,275.00, less any monies Plaintiff receives from the PACA Trust Assets.

## VI.

## FIFTH CAUSE OF ACTION

## (For Fees, Costs and Interest and/or Finance Charges Against All Defendants)

41.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42.     Defendants, and each of them, were required to maintain the PACA trust and to make full payment promptly to Plaintiff for the sums due under the trust as set forth herein.

43.     As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiff, Plaintiff has been required to pay attorneys' fees and costs to bring this action and to enforce its PACA trust rights against Defendants, thereby losing use of said money.

44.      Plaintiff will not receive full payment as required under PACA to the extent Plaintiff must expend sums on attorneys' fees and costs incurred with enforcing Plaintiff's PACA trust rights against Defendants herein.

45.      Plaintiff has issued invoices confirming the terms of the subject sales transactions which contain written provisions providing for recovery of attorneys' fees in the event of litigation necessary to collect the sums due from Defendant Fruit Club, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

46.      Plaintiff issued invoices confirming the terms of the subject sales transactions which contain written provisions providing for recovery of finance charges at the rate of 1.5% per month (18% per annum) on all unpaid sums due until fully paid.

**WHEREFORE**, Plaintiff pray for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach of Contract)

1.      For damages in the cumulative amount of $13,275.00 as against Defendant Fruit Club;

2.      For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

11

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $13,275.00 as against Defendants;

2.    For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

1.    For damages in the combined amount of $13,275.00 as against Defendants;

2.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $13,275.00 as against Defendants, jointly and severally;

3.    For interest at the highest legal rate from the date the obligation became due and  payable to Plaintiff; and,

4.    For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1.    For judgment, jointly and severally, against Defendant Fruit Club and the Individual Defendants and in favor of the Plaintiff in the cumulative amount of $13,275.00;

2.    For interest at the highest legal rate from the date each invoice became past due, less any monies received from Defendants;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

## (Fees, Costs and Interest and/or Finance Charges Against All Defendants)

1.    For an order providing for recovery of finance charges at the rate of 1.5% per month (18% per annum) on all unpaid sums due until fully paid.

2.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $13,275.00 as against Defendants, jointly and severally;

3. For reasonable attorneys' fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

SWIER LAW FIRM, PROF. LLC

DATED:  July 12, 2018

By:

JAKE FISCHER
240 E. Main Street
P.O. Box 72
Corsica, South Dakota 57328
T: (605) 946-5096

13

F: (605) 286-3219
E-mail: Jake@SwierLaw.com
Attorneys for Plaintiff BOUNTY
GROUP HOLDING, LLC, a limited
liability company doing business
as CHESTNUT HILL FARMS